**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

RAMIN SHAHLAI, on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

COMCAST CORPORATION.

    Defendant.

---

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**

---

Plaintiff files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendant on his own behalf and on behalf of all others similarly situated.

**STATEMENT OF THE CASE**

1. Defendant is a cable TV and internet service provider that employed Plaintiff, through Defendant's now-defunct contractor, Icon Cable, Inc., to install Defendants' cable and internet service devices in Defendants' clients' homes.

2. Defendant failed to reimburse its cable technician employees for vehicle and tool expenses, and deducted sums from its employees' paychecks for employer-provided tool costs.

3. As a result, Defendant paid its employees less than the federal and Colorado minimum hourly and overtime wage rates.

4. Defendant thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§

201 *et seq.* and the Colorado Minimum Wage of Workers Act ("CMWWA"), C.R.S. §§ 8-6-101 *et seq.*

5. Plaintiff seeks compensation for Defendant's violations of the FLSA and CMWWA on his own behalf and on behalf of all other similarly-situated employees.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Ramin Shahlai was employed by Defendant in 2014. Plaintiff Shalai's signed FLSA Consent to Sue Form is filed herewith.

7. Defendant Comcast Corporation is a registered foreign corporation doing business in the State of Colorado.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

9. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's and others' claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

11. Defendant paid its Icon Cable employees at or near the Colorado minimum wage to provide commercial and residential cable and internet installation services to Comcast's clientele.

12. Defendant's employees drove to and among worksites to perform Comcast cable and internet installations.

13. Defendant did not reimburse any of its employees for vehicle expenses incurred while conducting their job duties.

14. Defendant's failure to reimburse its employees for vehicle expenses, and Defendant's deductions from their employees' paychecks for tool expenses, resulted in Defendant paying its employees less than the federal and Colorado minimum and overtime wage rates.

15. In 2014, the Internal Revenue Service's mileage rate was $.56 per mile.

16. In 2014, the American Automobile Association's mileage rate was $.59 per mile.

17. In 2014, Plaintiff Shahlai drove his vehicle approximately 50 miles per day between worksites and, based on the IRS's mileage rate, incurred approximately $196 in vehicle expenses each week.

18. In 2014, the Colorado minimum hourly wage rate was $8.00 per hour.

19. During the workweek of October 12, 2014 through October 18, 2014, Plaintiff worked a total of 42.62 hours for Defendants. Taking into account the unreimbursed $196 in vehicle expenses Plaintiff incurred that workweek, Defendants paid Plaintiff $155.44 for his work that week, or $3.65 per hour.

20. By way of further example, during the workweek of November 16, 2014 through November 22, 2014, Plaintiff worked a total of 54.39 hours for Defendants. Taking into account the unreimbursed $196 in vehicle expenses Plaintiff incurred that workweek, Defendants paid Plaintiff $296.68, or $5.45 per hour, for his work that week.

21. Defendant subjected all its Icon Cable employees to the same policies of non-reimbursement for vehicle and tool expenses and thus paid all its Icon Cable employees less than the required minimum and overtime wage rates.

22. Each year relevant to this action, Plaintiff and Defendant's other employees

handled materials such as cable, internet devices, and tools which moved in interstate commerce

23. Defendant enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

24. Defendant was Plaintiff and others' statutory FLSA employer because Plaintiff and others were entirely dependent on Defendant for their employment and only served Comcast cable/internet customers, Defendant directed Plaintiff and others as to their job duties, Defendant maintained detailed records of Plaintiff and others' work hours and work product, Defendant controlled when Plaintiff and others were permitted to leave one job site to go to another, Defendant specifically monitored the job performance of Plaintiff and others, sometimes requiring them to provide supplemental and remedial services to Defendant's customers when Defendant deemed their performance deficient, Defendant set the standards by which Plaintiff and others' work was evaluated, Plaintiff and others had to meet Comcast's standards in order to earn bonus pay, Defendants provided some or all of the training materials used to prepare Plaintiff and others for their work, Defendant provided some or all of the equipment installed by Plaintiff and others and provided the digital work environment that Plaintiff and others used to record and report hours worked and tasks performed, Defendant required Plaintiff and others to use Comcast-specific tools and equipment and provided Plaintiff and others with Comcast-specific training, Plaintiff and others were provided a phone number to call Defendant when problems arose at job sites-- and Defendant instructed Plaintiff and others as to how to resolve such problems, Defendant required Plaintiff and others to wear Comcast badges, uniforms and to display Comcast signage on their

vehicles, and after Plaintiff terminated his employment with Icon Cable, Defendant hired him directly to perform the same job duties.

### § 216(b) COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings his claims under the FLSA as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendant. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

> All employees who worked on or after October 13, 2013.

26. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations of the FLSA. 29 U.S.C. § 255(a).

27. All potential 216(b) Class Members are similarly situated because they worked for Defendant and were subject to Defendant's common policy of refusing to pay minimum and overtime wages.

### RULE 23 CLASS ALLEGATIONS

28. Plaintiff asserts his Second Claim, brought under the CMWA, as implemented by the MWO, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

29. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

> All employees who worked on or after October 13, 2014.

30. This action is properly brought as a class action for the following reasons.

31. Upon information and belief, all of Defendant's hourly employees were subject to Defendant's common policy of failing to pay minimum and overtime wages.

32. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class since that information is within Defendant's control. However, Plaintiff believes and alleges that the number of Class Members is in the 50-90 persons range. Membership in the class is readily ascertainable from Defendant's employment records.

33. Numerous questions of law and fact regarding Defendant's liability are common to the Class and predominate over any individual issues which may exist. Common questions of law and of fact include: whether Defendant was the statutory employer of the alleged class, whether Defendant failed to reimburse its employees for vehicle and tool expenses, whether Defendant deducted tool expenses from its employees' paychecks, and whether Defendant paid less than the required minimum and overtime wage rates.

34. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of unpaid minimum and overtime wages. Defendant classified all workers provided to serve Defendant's customers through Icon Cable, Inc. as non-employees. The control Defendant possessed and asserted over the Plaintiff and others similarly situated came through Defendant's contractual relationship with purported subcontractor Icon Cable, Inc. and was uniform across the class of alleged employees. The minimum wage and overtime claims at issue arise from a policy applicable to all members of the class. Each member of the class suffered the same violations that Plaintiff challenges with his claims. If Defendant's non-reimbursement

and deductions policies were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

36. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

37. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

38. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

39. Those Class Members who worked for Defendant for short periods of time have small claims which they are unlikely to bring individually. All members of the Class have claims which are factually very similar and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the CMWWA counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

40. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

41. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

42. It is desirable to concentrate this litigation in this forum because all claims arose in this Judicial District.

43. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

44. The contours of the class will be easily defined by reference to the payroll documents that Defendant and its purported subcontractor were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were recently employed by Defendant and Defendant and its purported subcontractor were required to create and maintain records containing the mailing addresses of each class member.

### FIRST CLAIM – Failure to Pay Minimum and Overtime Wages
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

45. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

46. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

47. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

48. Defendant "employed" Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

49. Defendant was Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

50. Defendant violated the FLSA when it refused to pay Plaintiff and others minimum hourly wages. 29 U.S.C. § 206.

51. Defendant violated the FLSA when it refused to pay Plaintiff and others proper overtime wages. 29 U.S.C. § 207.

52. Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

53. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

54. Plaintiff and others are entitled to recover unpaid minimum wages, unpaid overtime wages, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

### SECOND CLAIM – Failure to Pay Minimum and Overtime Wages
### Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

55. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

56. Plaintiff asserts this count on his own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

57. Defendant was Plaintiff's and others' "employer" as that term is defined by the MWO because it employed Plaintiff and others in Colorado. 7 C.C.R. 1103-1(2).

58. Plaintiff and others were Defendant's "employees" as that term is defined by the MWO because they performed labor for the benefit of Defendant in which Defendant

9

commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

59. Defendant employed Plaintiff and others in a business or enterprise that sells a service to the consuming public and that generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the MWO. 7 C.C.R. 1103-1(2)(A).

60. Defendant violated the CMWWA, as implemented by the MWO, when it failed to pay Plaintiff and others minimum wages and overtime premiums. 7 CCR 1103-1(3-4).

61. As a result, Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

62. Plaintiff and others are entitled to recover in a civil action wages owed to them, together with the costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

**WHEREFORE**, Plaintiff prays, as to his First Claim, that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. Plaintiff and the 216(b) Class be awarded unpaid minimum wages;

   c. Plaintiff and the 216(b) Class be awarded unpaid overtime premiums;

   d. Plaintiff and the 216(b) Class be awarded liquidated damages as required by law;

   e. Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

f. Plaintiff and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b);

g. Plaintiff be awarded a service award in recognition of his work as representative of the proposed 216(b) Class; and

h. Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And as to his Second Claim, Plaintiff prays that:

h. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

i. Plaintiff be certified as the class representative of the Rule 23 Class as defined above;

j. Undersigned counsel be appointed Rule 23 Class counsel;

k. Prompt notice of this litigation be sent to all potential Rule 23 Class members;

l. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with the costs of this suit.  Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

m. Plaintiff be awarded a service award in recognition of his work as representative of the proposed Rule 23 Class;

n. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*S/ Brandt Milstein*
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*S/ Andrew Turner*
Buescher, Kelman, Perera & Turner, P.C.
600 Grant Street, Suite 450
Denver, CO 80203
303.333.7751

aturner@laborlawdenver.com

*Attorneys for Plaintiff*