# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 16-cv-2556-WJM-NRN

RAMIN SHAHLAI, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,

    Defendant.

## ORDER GRANTING IN PART THE PARTIES' JOINT MOTION FOR CONDITIONAL CERTIFICATION OF CLASS AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Ramin Shahlai brings this action against Defendant Comcast Cable Communications Management, LLC, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act ("Minimum Wage Act"), Colo. Rev. Stat. §§ 8-6-101 *et seq.* (ECF No. 21.) Plaintiff claims that Defendant failed to properly reimburse employees for expenses and improperly deducted sums from employee paychecks for employer-provided tools, and that these actions resulted in Defendant paying employees less than the federal and Colorado minimum wage and applicable overtime rates.

Currently before the Court is the parties' Joint Motion for Conditional Certification of Class and Preliminary Approval of Settlement Agreement ("Joint Motion"). (ECF No. 68.) The parties seek conditional certification of an FLSA collection action, certification of a Rule 23 class action, and preliminary approval of the executed Final Settlement

Agreement and Final Release resolving the FLSA and state law claims (ECF No. 70). For the reasons explained below, the Court grants in part the parties' Joint Motion, conditionally certifies a collective action under the FLSA for the claim brought under that statute, and certifies a class action under Rule 23 with respect to the Minimum Wage Act claim.

## I. BACKGROUND

Unless otherwise noted, the following facts are drawn from Plaintiff's amended complaint and the Joint Motion.

Plaintiff and other members of the proposed class were cable technician employees of the now-defunct Icon Cable, Inc. As cable technicians, Plaintiff and others were responsible for installing Comcast's cable and internet service devices in Comcast's clients' homes. Plaintiff claims that Icon Cable was a contractor for Comcast and that Comcast is liable for Icon Cable's wage and hour violations as a "joint employer" under the FLSA and Minimum Wage Act. (ECF No. 21 ¶¶ 1, 24.) Comcast disputes that it was or is an employer or joint employer of any Icon Cable cable technician. (ECF No. 30 ¶ 24.)

Plaintiff worked for Icon Cable in 2014 providing commercial and residential cable and internet installation services at client sites. Plaintiff drove his vehicle to and among worksites to perform his work. Defendant did not reimburse Plaintiff for vehicle expenses incurred. In addition, Plaintiff's paycheck was docked for tool expenses. Plaintiff alleges that failure to reimburse vehicle expenses and charging for tool expenses resulted in Defendant paying less than the federal and Colorado minimum and overtime wage rates. For example, Plaintiff contends that he drove approximately

50 miles per day, incurring $196 in vehicle expenses each week (based on the prevailing Internal Revenue Service milage rate of $0.56 per mile in 2014). From October 12–18, 2014, Plaintiff worked 42.62 hours and, taking into account $196 of unreimbursed expenses, Plaintiff earned $155.44 for the week, or $3.65 per hour, less than minimum wage. Plaintiff contends that all Icon Cable employees were subject to the same policies regarding vehicle and tool costs.

On October 13, 2016, Plaintiff filed a complaint against Comcast alleging failure to pay minimum and overtime wages in violation of the FLSA and Minimum Wage Act, and alleging collective action and class action claims. The parties engaged in "extensive discovery" on the issue of whether Comcast was a joint employer with Icon Cable. On October 27, 2017, Comcast filed a notice of settlement (ECF No. 52) and on February 23, 3018, the parties filed the present Joint Motion (ECF No. 68). The parties' supplemented the Joint Motion on March 6, 2018 with a Final Settlement Agreement and Release. (ECF No. 70.)

The parties seek conditional certification of the FLSA collective action, certification of the Rule 23 class action, and preliminary approval of the settlement agreement. (ECF No. 68 at 1.) The parties propose the following notice and settlement procedure: after certification of a conditional FLSA collective action and Rule 23 class action, a settlement administrator will send a class notice to each class member. (*Id.* at 4–5.) Under the procedure proposed by the parties, the notice will contain the basic terms of the settlement agreement, an estimated sum of damages of the class member, and the procedure by which a class member may object to or opt out of the class action within sixty days of mailing of the notice. (*Id.* at 5.) The parties submitted a proposed

notice that references both the state and federal claims. (ECF No. 68-1 at 27–31.) That notice contains information related to opting out of the class or objecting to the settlement. It does not describe the opt-in procedure for FLSA claims or provide a consent to join form for the FLSA claims, but does note that FLSA claims will be released if the class member signs and cashes the check. (*Id.* at 31.)

After the close of the opt-out period, the parties propose to move for final approval of the settlement agreement. (ECF No. 68 at 5.) After final approval of the settlement agreement, the settlement administrator will then send checks to class members who do not opt out ("Qualified Class Members") according to an agreed-upon methodology which combines settlement payments for the FLSA and Minimum Wage Act claims. (*Id.* at 4–9; ECF No. 70 § 4.5) The back of settlement checks issued to those Qualified Class Members will state:

> By endorsing this check, I hereby consent to join the lawsuit titled *Ramin Shahlai, on behalf of himself and all others similarly situated v. Comcast Cable Communications Management, LLC*, Case No. 16-cv-02556-WJM-MJW, and release all federal and state wage and hour claims, including those described in the notice I received, from the beginning of time through the date of [insert Final Approval Date].

(ECF No. 70 § 6.7.2.) By cashing the settlement check, a Qualified Class Member waives his or her federal FLSA claims against Comcast. (*Id.* § 5.3.) If a Qualified Class Member does not cash the settlement check by a certain date, he or she becomes an "Affected Class Member," who releases all Minimum Wage Act claims but not FLSA claims. (*Id.* § 5.2.) Essentially, by signing the settlement check, a Qualified Class Member opts into the FLSA action. (ECF No. 68 at 28.)

## II. LEGAL STANDARDS

### A.   Rule 23 Class Certification Standards

A party seeking class certification must demonstrate that the four prerequisites of Federal Rule of Civil Procedure 23(a) are clearly met. *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206 (10th Cir. 2013). These threshold elements are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). A plaintiff who meets these threshold requirements must then demonstrate that the action falls within one of the three categories of lawsuits set forth in Rule 23(b). *Shook*, 386 F.3d at 971. Here, Plaintiff seeks certification pursuant to Rule 23(b)(3). (ECF No. 28 at 7, 11–12.)

In determining the propriety of a class action, the question is not whether a plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir. 1982). When deciding whether the proposed class meets the requirements of Rule 23, the Court accepts the plaintiff's substantive allegations as true, though it need not blindly rely on conclusory allegations and may consider the legal and factual issues which the complaint presents. *Shook*, 386 F.3d at 968; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009). The Court should not pass judgment on the merits of the case, but must conduct a "rigorous analysis" to ensure that the

requirements of Rule 23 are met. *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010). The decision whether to grant or deny class certification "involves intensely practical considerations and therefore belongs within the discretion of the trial court." *Tabor*, 703 F.3d. at 1227.

## B. FLSA Collective Action Conditional Certification Standards

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, a plaintiff must offer "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen* standard).

If the plaintiff meets this standard, then the Court may order that the defendant provide contact information for all employees and former employees that may be eligible to participate in the collective action, and the Court may approve a form of notice to be sent to all of those individuals. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Such notice is often necessary because, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require a party to opt in to the litigation rather than opt out of the class. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his

6

consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Obviously, current or former employees cannot opt in if they do not know about the pending action.

## III. PROPOSED CLASS

The parties have stipulated to the following class definitions:

(1) As to the Minimum Wage Act class action claims, a class defined as:

> All Icon Cable employees who worked as cable installation technicians between October 13, 2014 and April 26, 2016.

(2) As to the FLSA collective action claims, a group defined as:

> All Icon Cable employees who worked as cable installation technicians between October 13, 2013 and April 26, 2016.

(ECF No. 68 at 3–4.) The parties explain in a footnote that these proposed classes exclude individuals who did not finish the two- to four-week training program because those individuals earned above minimum wage and did not incur vehicle expenses. (*Id.* at 4 n.1.) For the sake of clarity, the Court will incorporate this caveat in the proposed class definitions and analyze the classes as including that clarification.

## IV. ANALYSIS

**A. Rule 23 Analysis**

1. <u>Rule 23(a) Prerequisites</u>

   a. *Numerosity*

As reflected in the parties' joint motion, the parties used Icon Cable's payroll records to identify 63 members in the proposed Rule 23 class. (ECF No. 68 at 12.) The parties have stipulated to numerosity and, in reliance on parties' calculation and

7

stipulation, the Court finds that joinder would be impractical and the numerosity requirement has been satisfied. (*See id.*) See also *Bass v. PJCOMN Acquisition Corp.*, 2011 WL 2149602 at *2 (D. Colo. June 1, 2011) (finding numerosity satisfied where evidence showed that there were at least fifty pizza delivery drivers, and potentially many more, in the proposed class).

      b.    *Commonality*

The parties agree that the proposed class satisfies the commonality requirement because "the Settlement Class Members are joined by the common questions of law and fact that arise from Icon's alleged failure to pay minimum wages." (ECF No. 68 at 13.) Common questions include whether Comcast was a "joint employer" of the class, whether Comcast failed to reimburse employees for expenses, whether Comcast deducted tool expenses from paychecks, and whether Comcast paid less than minimum wage and overtime rate. (*Id.*) "A finding of commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018). Upon review of the record, and given the parties' Joint Motion, the Court finds that the commonality requirement has been met.

      c.    *Typicality*

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Differing fact situations of class members do not defeat typicality so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Menocal*, 882 F.3d at 914 (internal quotation marks omitted). The typicality requirement

is met where "there is a sufficient nexus between the claims of the class representatives and the common questions of law or fact which unite the class." *Decoteau v. Raemisch*, 304 F.R.D. 683, 689 (D. Colo. 2014). The relevant inquiry is "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (as to both commonality and typicality).

Here, Plaintiff claims that Comcast paid "employees less than the federal and Colorado minimum and overtime wage rates" by failing "to reimburse its employees for vehicle expenses" and deducting tool expenses from employees' paychecks. (ECF No. 21 at ¶ 14.) Plaintiff contends that he was harmed by Comcast's conduct and that "Defendant subjected all its Icon Cable employees to the same policies of non-reimbursement for vehicle and tool expenses." (*Id.* ¶ 21.) The parties agree that Plaintiff's claim "arises from the same factual nexus and is based on the same legal theories as the claims of members of the Settlement Class." (ECF No. 68 at 13.) Because the parties were subject to the same policies and have common legal claims resulting therefrom, the typicality requirement is satisfied.

        d.    *Adequacy*

The adequacy inquiry asks whether the named class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their

counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (internal quotation marks omitted).  An adequate class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 688 (D. Colo. 2014) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997)).

The parties do not address the adequacy of the class representative in great detail.  (ECF No. 68 at 14 ("[T]here are no conflicts between Plaintiff and the settlement class.").)  However, having reviewed the record, the Court concurs that there is no apparent conflict between Plaintiff and the other anticipated members of the class.  Plaintiff is a member of the proposed class with the same interest and injury as the class members.  (*See* ECF No. 21 ¶¶ 21, 24.)  Plaintiff has been a reasonable representative thus far, appearing for a deposition, producing documents, and coordinating with counsel.  (ECF No. 68 at 22.)  Therefore, Plaintiff is an adequate class representative.

As to Plaintiff's counsel, the Court acknowledges Mr. Turner and Mr. Milstein's experience and ability in pursuing cases of this type.  There are no apparent conflicts and counsel has vigorously prosecuted the case to date.  The Court thus agrees with the parties' stipulation that Plaintiff and his counsel are qualified to represent the interests of the proposed class.  (*See id.* at 14, 24–26.)

2. Rule 23(b)(3)

Rule 23(b)(3) permits class certification where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 615. "[W]hen one or more of the central issues in the action are common to the class and can be said to predominate, the action will be considered proper under Rule 23(b)(3) even though other important matters have to be tried separately." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 388 (D. Colo. 1993). The second requirement for class certification under Rule 23(b)(3) is that the class action be "superior to other available methods fairly and efficiently adjudicating the controversy." In determining whether to certify a class under Rule 23(b)(3), the Court considers:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, the parties agree that common questions of fact or law predominate:

> In addition to alleging that he and Class Members were uniformly subjected to Icon's Cable's payroll practices, Plaintiff alleges that he and Class Members were jointly employed by Comcast. The parties agree for purposes of

11

> obtaining approval of the Settlement Agreement only that the relationship (if any) between each class member and Comcast is substantially the same.

(ECF No. 68 at 10–11.) Moreover, "numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy." (*Id.* at 15.)

The parties also argue that, in addition to increased efficiency, a class action is superior to individual actions because the "absent Class Members to date have shown no interest in controlling the litigation of separate actions." (*Id.* at 15.) No other litigation regarding these claims has been commenced. Further, class treatment is preferable in order to advance the numerous, relatively small individual claims of low-wage hourly workers who worked as cable installation technicians. Given the small dollar claims of potential parties with possibly limited resources, it is likely that these claims would not be pursued at all, unless via class action. *Cf. Torres-Vallejo v. CreativExteriors, Inc.*, 220 F. Supp. 3d 1074, 1085 (D. Colo. 2016) (certifying class of seasonal Mexican national landscape laborers under Rule 23(b)(3) where "the value of any individual's claims is likely too small to make individual litigation cost effective").

Having reviewed the record and being fully advised, the Court agrees with the parties' conclusion that class certification is appropriate under Rule 23(b)(3).

B.  **FLSA Preliminary Certification**

For essentially the same reasons explained above, as to Rule 23, and given the parties' stipulation and joint motion, the Court also finds that preliminary certification of the proposed FLSA class is warranted under the comparatively lenient standard for

preliminary certification and notice of an FLSA collective action. *See generally Thiessen*, 267 F.3d at 1102–03.

**C.     Notice Procedure**

The parties jointly propose a single notice procedure for the FLSA opt-in and Rule 23 opt-out classes. The Court appreciates the parties' creative attempt to streamline the notice and settlement procedure. The Court is concerned, however, that the parties' proposed process and settlement does not provide sufficient notice to potential FLSA opt-in plaintiffs and is potentially confusing.

As the Supreme Court has explained, the benefits of collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. Thus, a district court may, in its discretion, facilitate notice to potential plaintiffs and prescribe the terms and conditions of communication from named plaintiffs to potential collective action members. *Id*. Once made aware of the pending litigation, an individual may join in an FLSA action if he or she gives "consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Under the parties' proposed procedure, a person may opt-in only after approval of the final settlement agreement by endorsing the settlement check, which combines the settlement of the state and federal claims. (ECF No. 70 § 6.7.2.) There is no provision for filing consents with the Court. Moreover, filing a consent to join after a settlement would leave an opt-in plaintiff with little opportunity to participate

meaningfully in the litigation. The parties seek to link settlement of state and federal claims via a single check with disclosure language on the reverse. However, the proposed language does not give adequate notice and explanation of the FLSA implications. This Court generally approves FLSA notices to potential opt-in plaintiffs that look similar to those notices in class actions. *See, e.g.*, *Lira v. Commercial Constr., Inc.*, No.16-cv-1566-WJM-CBS, Order Granting Conditional Collective Action Certification, ECF No. 25 (D. Colo. Mar. 30, 2017).

The parties rely on *Pliego v. Los Arcos Mexican Restaurants, Inc.*, in support of their proposal to conditionally certify a class and move for preliminary approval of a settlement agreement in a hybrid FLSA and Minimum Wage Act action. 313 F.R.D. 117 (D. Colo. 2016). However, in *Pliego*, the parties' notice to potential class and collective action members provided the opportunity to opt out of the class action and into the FLSA action before settlement. *Pliego v. Los Arcos Mexican Rests., Inc.*, No. 14-cv-1686, Notice Class Notice Form, Claim Form and Opt-Out Form, ECF No. 75 (D. Colo. Feb. 16, 2016). Unlike *Pliego*, no such procedure is clearly available here.

The parties' proposed notice and FLSA procedure does not give FLSA opt-in plaintiffs the ability to intentionally join and meaningfully participate in the litigation. Because the notice and proposed settlement will have to be altered to incorporate changes FLSA opt-in procedures (which may in turn impact distribution of the settlement to FLSA plaintiffs), the Court denies without prejudice the parties' Joint Motion as to proposed notice and the settlement agreement.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The parties' Joint Motion to for Conditional Certification of Class and Preliminary Approval of Settlement Agreement (ECF No. 68) is GRANTED IN PART as set forth herein.

2. This Action is CONDITIONALLY CERTIFIED as a collective action under 29 U.S.C. § 216(b), with the collective action members eligible to opt-in to Plaintiff's First Claim for Relief (ECF No. 21 ¶¶ 45–54) defined as:

    > All Icon Cable employees who completed the training program and worked as cable installation technicians between October 13, 2013 and April 26, 2016.

3. The Court CERTIFIES a Class under Fed. R. Civ. P. 23(a) & 23(b)(3) the following class as to Plaintiff's Second Claim for Relief (ECF No. 21 ¶¶ 55–62):

    > All Icon Cable employees who completed the training program and worked as cable installation technicians between October 13, 2014 and April 26, 2016.

4. Plaintiff Victor Diaz is hereby APPROVED as class representative.

5. Pursuant to Federal Rule of Civil Procedure 23(g) the following attorney is APPOINTED as class counsel: Brandt Milstein, Milstein Law Office, 1123 Spruce Street, Suite 200, Boulder, CO 80302.

6. The parties shall follow the following FLSA notice procedure:

    a. No later than **August 31, 2018** the parties shall submit a proposed opt-in FLSA Notice and Consent to Join for the Court's review and approval.

    b.       In the Order the Court issues approving the FLSA opt-in notice, it will set the deadline for the parties to complete the mailing of these documents, as well as the closing date for the FLSA opt-in period. These deadlines will be included in the FLSA Notice. The parties will then effect notice to potential FLSA collective action members by mailing to all such persons, via first-class U.S. Mail, the final FLSA Notice and Consent to Join form, incorporating any Court modifications.

    c.       The parties shall file a Notice of Completion of Mailing within seven days of completing the mailing.

7. After the opt-in period expires and the opt-in plaintiffs are known, assuming the parties still wish to settle, the parties SHALL FILE a copy of a revised settlement agreement together with a motion for its preliminary approval and proposed Rule 23 class notice form. If the parties no longer intend to settle, the parties shall instead file a status report within 10 days after the FLSA opt-in period has expired.

8. Upon receipt of a Motion for Preliminary Approval of a Revised Settlement Agreement, the Court will determine whether to approve the proposed settlement and, as needed, approve notice of the Rule 23 class certification and settlement, and set a final fairness hearing and related deadlines for filing objections and a request for final approval.

9. All other relief requested in the Joint Motion is DENIED WITHOUT PREJUDICE.

Dated this 15th day of August, 2018.

BY THE COURT:

William J. Martínez
United States District Judge