**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2556-WJM-NRN

RAMIN SHAHLAI, on his own behalf and on behalf of all others similarly situated,

     Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,

     Defendant.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF
REVISED SETTLEMENT AGREEMENT**

---

     Plaintiff Ramin Shahlai brings this lawsuit against Defendant Comcast Cable Communications Management, LLC ("Comcast") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act ("Minimum Wage Act"), Colo. Rev. Stat. §§ 8-6-101 *et seq.* (ECF No. 21.) Plaintiff, on behalf of himself and those similarly situated, and Defendant jointly ask the Court to preliminarily approve their proposed settlement of class and FLSA claims, to approve a proposed Rule 23 class notice, and to set a final fairness hearing and related deadlines. (ECF No. 83 at 23.)

     The Court has reviewed and consider the parties' joint motion and, having reviewed the proposed settlement and being fully advised, will grant the parties' motion.

     "The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo.

2006).  "[T]he standard that governs the preliminary approval inquiry is less demanding than the standard that applies at the final approval stage."  *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015) (internal quotation marks omitted).  A proposed settlement should be preliminarily approved if it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval."  William B. Rubenstein, *Newberg on Class Actions* § 13:10 (5th ed., Nov. 2018 update) (internal quotation marks omitted).

As drafted and presented to the Court, the proposed settlement agreement appears to be the product of serious negotiations, has no obvious deficiencies, does not grant improper preferential treatment to the class representatives, and generally falls within the range of possible judicial approval.  *See id.*

The Court hereby FINDS and ORDERS as follows:

1.     The Joint Motion for Preliminary Approval of Revised Settlement Agreement (ECF No. 83) is GRANTED;

2.     The Settlement Agreement (ECF No. 83-1) is PRELIMINARILY APPROVED as fair and reasonable;

3.     The revised proposed class notice submitted at ECF No. 85 is APPROVED;

4.     The Settlement Administrator shall complete distribution of the Court-approved notice to all Class Members by **March 20, 2020**.  Further, within **three days** of completing the distribution, Plaintiff SHALL FILE a Notice of Completion of

Mailing notifying the Court when the mailing has been completed;

5.  The mailing of the class notice form will commence a **60-day notice period** and any objections to the Settlement Agreement must be post-marked or received by the Settlement Administrator no later than **May 19, 2020**;

6.  Class Members who wish to be excluded must provide written notice of their desire to be excluded to the Settlement Administrator by **May 19, 2020**;

7.  Any Class Member wishing to object to the Court's approval of the Settlement Agreement shall file their objection in writing with the Court and the parties by **May 19, 2020**.  The counsel for the parties shall promptly file any such objection with the Court.  Counsel for the parties may file a response to any objections filed as part of or contemporaneous with the parties' application for final settlement approval.  Plaintiffs' counsel may communicate with Class Members regarding their objections and may advise the Court of any Class Members who have communicated that they wish to withdraw their objections.  Objections may be withdrawn only with the Court's approval;

8.  The Parties' motion seeking final approval of the settlement, including counsel's final request for attorneys' fees and costs, and any incorporated responses to objections received, shall by filed with the Court and served on any timely objectors no later than **May 31, 2020**, 30 days before the fairness hearing.  Any written responses to this motion shall be filed with the Court no later than **June 15, 2020**, 15 days before fairness hearing.  These deadlines for Court filings do not alter the obligation to comply with the 60-day period for submitting

any written objections, as set out in paragraphs 5–7 above;

9.     A fairness hearing is scheduled for **June 30, 2020 at 10:00 a.m.** at the United States District Court for the District of Colorado, Alfred A. Arraj Building, 901 19th Street, Denver, Colorado 80294-3589, in Courtroom A801 to determine whether the Court will give final approval to the Settlement Agreement; and

10.    Any class member who has submitted an objection in writing within the 60-day period set forth above may appear at the fairness hearing and be heard as to why the Settlement Agreement should not be approved as fair, reasonable, and adequate, why a judgment should not be entered upon the settlement, or why attorneys' fees and expenses should not be awarded to class counsel.  Any class member who fails to object or otherwise request to be heard will be deemed to have waived the right to object to the settlement.

Dated this 18th day of February, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge