IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2556-WJM-NRN

RAMIN SHAHLAI, on his own behalf and
on Behalf of all other similarly situated

    Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC

    Defendant.

## ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES

Before the Court is the parties' Joint Motion for Final Approval of Revised Settlement Agreement ("Joint Motion"; ECF No. 89) and Plaintiff's Motion for Attorney Fee ("Fee Motion"; ECF No. 90).  The Court held a settlement fairness hearing ("Settlement Hearing") on June 30, 2020.  After considering the arguments raised at the Settlement Hearing and in the Joint Motion and Fee Motion, the Court granted the Joint Motion and Fee Motion by way of an oral ruling from the bench, and stated that a written order would follow.  (ECF No. 92.)  This is that order.

### I. BACKGROUND

Plaintiff Ramin Shahlai filed this action on October 13, 2016, and filed an Amended Complaint on December 8, 2016.  (ECF Nos. 1 and 21.)  Shahlai is a former employee of Icon Cable, Inc. ("Icon Cable"), a company which was contracted by

Defendant Comcast Cable Communications Management, LLC ("Comcast") to install Comcast's cable and internet services in Comcast's clients' homes. (ECF No. 21 ¶ 1.)

Plaintiff alleges, among other things, that (1) Icon Cable "failed to reimburse its cable technician employees for vehicle and tool expenses, and deducted sums from its employees' paychecks for employer-provided tool costs" (*id.* ¶¶ 1–2); (2) as a result, Icon Cable "paid its employees less than the federal and Colorado minimum hourly and overtime wage rates," in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act ("Minimum Wage Act"), Colo. Rev. Stat. §§ 8-6-101 *et seq*. (*id.* ¶¶ 3–4); and (3) Comcast is liable for now-defunct Icon Cable's wage and hour violations as a "joint employer" under the FLSA (*id.* ¶¶ 1, 24).

Plaintiff sought to assert these claims on a class-action basis. (*Id.* ¶¶ 25–44.) Comcast denies that it was, or ever was, an employer of joint employer of any Icon Cable technician. (ECF No. 30 ¶¶ 1, 24.)

At the outset of the litigation, the Court granted the parties' request to bifurcate discovery into an initial discovery period on the issue of whether Comcast is Plaintiff's joint employer, followed by summary judgment briefing on that issue. (ECF No. 28 (Scheduling Order) § 6(h).) Thereafter, the parties engaged in "extensive discovery" on the issue of whether Comcast was a joint employer with Icon Cable, which included, among other things, the production and review of thousands of pages of discovery, discovery motions, and numerous depositions. (ECF No. 89 at 2.) On October 27, 2017, Comcast filed a notice of settlement, which they claim is a "reasonable estimate[] of alleged damages for Plaintiff and the class of Icon Cable technicians proposed by

2

Plaintiff."  (*Id.* at 3; ECF No. 52.)

On February 23, 2018, the parties filed their Joint Motion for Conditional Certification of Class and Preliminary Approval of Settlement Agreement.  (ECF No. 68.)  The parties supplemented this motion on March 6, 2018 with a Final Settlement Agreement and Release.  (ECF No. 70.)

On August 15, 2018, the Court issued an order granting in part the parties' Joint Motion for Conditional Certification of Class and Preliminary Approval of Settlement Agreement.  (ECF No. 73.)  As part of that order, the Court conditionally certified a collective action under the FLSA for settlement purposes only, which defined the FLSA class as "[a]ll Icon Cable employees who completed the training program and worked as cable installation technicians between October 13, 2013 and April 26, 2016."  (*Id.* at 15.)

The Court also certified a class action under Rule 23 with respect to the Minimum Wage Act claim, which defined the class as "[a]ll Icon Cable employees who completed the training program and worked as cable installation technicians between October 13, 2014 and April 26, 2016."  (*Id.*)  However, the Court rejected the parties' proposed notice procedure and ordered the parties to separate the FLSA and Rule 23 notice procedures such that they would first issue notice to potential FLSA opt-in class members and permit them to join the case before sending out notice to potential Rule 23 members.  (*Id.* at 12–16.)  This allowed the FLSA opt-in class members to have the opportunity to participate in the settlement of the case after having opted in.  (*Id.*)

Thereafter, the parties filed a proposed FLSA Notice and Consent to Join Form, which the Court approved on October 17, 2018 (ECF No. 75.)  The potential FLSA opt-

in class members were then issued notice of the class action via mail and were advised that they had until January 15, 2019 to join the litigation by returning their notice to the Settlement Administrator. (ECF No. 75-1 at 4.) According to the parties' submissions, the Settlement Administrator received seven timely consent to join forms. (ECF No. 89 at 4.)

On August 13, 2019, Plaintiff filed a Joint Motion for Preliminary Approval of Revised Settlement Agreement. (ECF No. 83.) The Court reviewed the proposed settlement agreement (ECF No. 83-1) and preliminarily approved the settlement as being fair and reasonable on February 18, 2020 (ECF No. 87 at 2). The Court also approved the revised proposed class notice. (*Id.*)

In a declaration recently filed with the Court, the settlement administrator represents that the Court-approved notice and opt-out form were mailed on March 20, 2020 to the 93 identified class members. (ECF No. 89-1 ¶ 9.) The Settlement Administrator was able to successfully complete mail delivery of the notice to 77 of the 93 identified class members, or 82.8%. (*Id.* ¶ 10; ECF No. 89 at 4.) The Settlement Administrator did not receive any objections to the Settlement Agreement or opt-out forms requesting exclusion from the class by the May 19, 2020 deadline. (ECF No. 89 at 4.)

Finally, on May 31, 2020, Plaintiff filed a Joint Motion for Final Approval of Revised Settlement Agreement (ECF No. 89) and an unopposed motion for attorneys' fees (ECF No. 90). The Court held the Settlement Hearing on June 30, 2020. (ECF No. 92.)

## II. SETTLEMENT AGREEMENT ANALYSIS

In deciding whether to approve a settlement in class action, a court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Courts consider four factors in evaluating the settlement:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002). The Court may also consider the fact that no objections were filed by any class members. *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990) ("No timely objection was raised by any Class Member to the proposed settlement, and less than 5% of all Class Members have chosen to opt out. One untimely objection, improper in other regards, was filed and subsequently withdrawn prior to the fairness hearing. No objection was raised at the fairness hearing. The Court gives these factors substantial weight in approving the proposed settlement.").

Having thoroughly reviewed the Joint Motion and the Settlement Agreement, the Court finds that the Settlement Agreement negotiated by counsel is fair, reasonable, and adequate. With regard to the four factors, the parties have demonstrated that the

5

Settlement Agreement was negotiated at arms' length by counsel experienced in these types of cases. The parties have also shown that serious questions of fact and law exist, particularly with regard to the question about whether Comcast was Plaintiff's joint employer. The Settlement Agreement ensures the class members will receive reasonable compensation in light of the uncertainties of litigating to a judgment. Further, the Court finds that the value of the Settlement Agreement outweighs the possibility of recovery after protracted litigation. Courts have held that the presumption in favor of voluntary settlement agreements

> is especially strong in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation. The strong judicial policy in favor of class action settlement contemplates a circumscribed role for the district courts in settlement review and approval proceedings. This policy also ties into the strong policy favoring the finality of judgments and the termination of litigation. Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts. In addition to the conservation of judicial resources, the parties may also gain significantly from avoiding the costs and risks of a lengthy and complex trial.

*Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010); *accord Hodge v. Signia Marketing, Ltd.*, 2017 WL 5900344 (D. Colo. Nov. 30, 2017). The Settlement Agreement provides compensation to class action and collective action members commensurate with their expenses and their legal claims under the Minimum Wage Act and/or the FLSA. Defendants will pay $144,250 to settle this action. This settlement fully compensates the FLSA collective action members, and allows for approximately $29,932.33 to be distributed to the class fund, which the parties estimate to be approximately 70.58% of the total potential damages that the class suffered. (ECF No.

89 at 8.) The Settlement Agreement provides a significant and immediate benefit to the class.

Finally, both parties have represented their view that the Settlement Agreement is fair and reasonable. The fact that no class member objects shows that the class also considers this settlement fair and reasonable. *See In re Dun & Bradstreet*, 130 F.R.D. at 372.

As set forth above, the Court finds that each of the factors weights in favor of finding that the Settlement Agreement is fair, reasonable, and adequate. Accordingly, the Court fully and finally approves the Settlement Agreement and grants the Joint Motion (ECF No. 89).

## III. INCENTIVE AWARD

When considering the appropriateness of an award for class representation, the Court should consider: (1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, 2010 WL 5387559, at *6 (D. Colo. Dec. 22, 2010).

The parties propose that Mr. Shahlai receive $5,000 as an incentive payment. (ECF No. 83-1 at 8.) Mr. Shahlai spent time and effort working on the case with counsel over the course of four years. The litigation will yield individual payouts to class members ranging from at least 70.58% to over 100% of damages for a group of low-wage hourly

employees. (ECF No. 89 at 8.) Mr. Shahlai's commitment to the case, the personal sacrifices of his time while pursuing this litigation, and the outcome achieved warrants a significant award in this case. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (noting that service awards are especially appropriate in employment litigation where "the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers").

The Court finds the incentive payment of $5,000 is very reasonable, given Mr. Shahlai's participation in the case and the overall recovery in this case, and thus approves the $5,000 incentive award to Mr. Shahlai.

## IV. ATTORNEYS' FEES

When considering the appropriateness of an attorneys' fees award, the Court considers the "*Johnson* factors": (1) the time and labor required by counsel; (2) the novelty and difficulty of the legal question presented; (3) the skill required to represent the class appropriately; (4) the preclusion of other employment by the attorneys due to the acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1979).

Plaintiff's counsel seeks an attorneys' fee award totaling 58.4% of the total settlement amount, or $84,250.  (ECF No. 90 at 1.)  Counsel spent an estimated 642.71 hours on this matter over the course of roughly four years, billing at attorney rates of $300 and $215 per hour, and paralegal rates of $90 per hour.  (*Id.* at 4.)  Plaintiff's counsel billed approximately $167,773.01 in fees and costs in litigating this action, but they have exercised billing judgment in reducing its recovery to $84,250 (approximately 50% of amounts billed) through this settlement.  (*Id.*)  The Court finds that the requested amount of fees is reasonable considering the effort expended on this case by class counsel, the risks and difficulties inherent in this sort of litigation, the discovery undertaken, and the skill required and dedication displayed over the litigation of this matter.

Significantly, the Settlement Agreement will allow 100% recovery of damages for the FLSA class members, and at least 70.58% recovery of damages for the Rule 23 class members, while avoiding litigation risks that could threaten recovery.  This is a good result for the Class, and weighs very heavily in favor of approving the amount of fees requested.  *See In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 630 (D. Colo. 1976) (noting that "the amount of the recovery, and end result achieved are of primary importance" when considering what constitutes a reasonable attorney fee).

Having considered the applicable *Johnson* factors, the Court finds that $84,250 in attorneys' fees and costs fair and reasonable, and the Court thus grants the Fee Motion (ECF No. 90).

## V.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The parties' Joint Motion for Final Approval of Revised Settlement Agreement (ECF No. 89) is GRANTED;

2. Plaintiff's Motion for Attorney Fee (ECF No. 90) is GRANTED;

3. The parties' Settlement Agreement (ECF No. 83-1) is APPROVED;

4. Plaintiff Ramin Shahlai is AWARDED an incentive award for serving as the class representative in the amount of $5,000;

5. The opt-in FLSA class members and Rule 23 Class members shall receive payments in the amounts set forth under the terms of the Settlement Agreement;

6. Plaintiff's attorneys' fees and costs shall be paid by Defendant in the amounts specified under the Settlement Agreement and confirmed herein;

7. The Court shall retain jurisdiction over the interpretation and implementation of the Settlement Agreement;

8. Pursuant to the parties' stipulation in the Settlement Agreement, all claims in this action are hereby voluntarily DISMISSED WITH PREJUDICE; and

9. The Clerk SHALL TERMINATE the case.  The Parties shall bear their own fees and costs with the exception of those provided for in the Settlement Agreement and confirmed herein.

Dated this 1st day of July, 2020.

BY THE COURT:

William J. Martinez
United States District Judge